United States v. Linares                    CR-95-108-JD    2/12/98
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                              Criminal No. 97-108-01-JD

Jose Manuel Linares


                              O R D E R


     The defendant, Jose M. Linares, has been indicted on charges
of being a felon in possession of a firearm and a fugitive in
possession of a firearm.  Before the court are the defendant's
motions to suppress evidence (document nos. 18 & 19) and the
defendant's motion to strike evidence submitted by the government
in support of its opposition to the motions to suppress (document
no. 23).


                            Background[1]

     On October 1, 1996, Manchester Police Officer David Mara
responded to 69 Barrett Street in Manchester, New Hampshire, to
investigate a report of domestic assault.  The residence was
shared by the defendant and his girlfriend, Deidra Alba.  Mara

_____

     [1]The defendant has neither sought nor demonstrated his
entitlement to an evidentiary hearing on the motions to suppress.
His motions provide a skeletal version of the events described
herein.  The government has provided a more detailed factual
account of the events which the defendant has not controverted
and the court accordingly adopts.

did not have a warrant when he responded. He interviewed Alba and the defendant separately.

Alba reported that she and the defendant had an argument while driving home from Boston earlier in the evening. She told the defendant that she wanted to leave, but he prevented her. He grabbed her by the hair and at one point threw a hammer at her. The defendant admitted that they had an argument, but denied that he grabbed Alba's hair or threw a hammer at her. He stated that Alba had acted aggressively toward him, but would not specify how when asked. Alba told Mara that she knew it would be a crime for her to falsely report a crime to a police officer, and Mara arrested the defendant.

At that point, the defendant told Mara that he owned a 9mm handgun and that Alba had hidden the gun in the home. The defendant asked Mara to take possession of the gun. Mara requested that Alba retrieve the gun. She did, and Mara took possession of the gun for safekeeping. The Manchester Police Department returned the gun to the defendant on July 25, 1997.

On July 27, 1997, Manchester police officers, including Maureen Tessier, John Dussault, Cornelius Joyce, and Leo Leblanc, responded to the defendant's Barrett Street residence. They were investigating a report made by neighbors who had heard a noise that they believed was a gun shot. At the time, the officers did

not possess a warrant for the arrest of the defendant or his girlfriend. Two officers questioned the neighbors, Drew and Janet Plumpton, who reported that after hearing the noise they heard a female voice say "Would you put that fucking gun away?" Drew Plumpton also reported that he saw a male, holding a black object that appeared to be a gun, and a female standing inside the defendant's residence.

The police surrounded the defendant's residence. When the defendant appeared at the door, an officer ordered him to come out of the house. The defendant was handcuffed when he came out. He told Leblanc that the gun accidentally discharged when he was cleaning it. While the defendant was being handcuffed, Alba appeared at the door and was ordered out of the house. She was ordered to kneel while the house was searched by two officers as part of a protective sweep. Alba told another officer that the gun was in a nightstand in the upstairs bedroom. The information was conveyed to the officers searching the house, who recovered the gun.

## Discussion

The government filed an opposition to the defendant's motions to suppress and attached copies of Manchester police investigative reports. The defendant has moved to strike the

3

police reports because they are inadmissible at a trial of the defendant under Fed. R. Evid. 803(8)(B). However, suppression hearings are not governed by the evidentiary rules that govern a trial. See United States v. Matlock, 415 U.S. 164, 172-73 (1974). As the Supreme Court stated in Matlock:

> [I]t should be recalled that the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence. In Brinegar v. United States, 338 U.S. 160 (1949), it was objected that hearsay had been used at the hearing on a challenge to the admissibility of evidence seized when a car was searched and that other evidence used at the hearing was held inadmissible at the trial itself. The Court sustained the trial court's rulings. It distinguished between the rules applicable to proceedings to determine probable cause for arrest and search and those governing the criminal trial itself-- "There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them."

Id. (footnotes and citations omitted). Because the defendant has provided no other basis for excluding the court's consideration of the police reports in deciding the motions to suppress, the defendant's motion to strike is denied.

The defendant has also moved to suppress the evidence obtained by police on the two occasions when officers responded to his residence.[2] The defendant argues that the evidence was

_____

[2]The defendant has not specified what evidence he seeks to have suppressed. The court assumes for the purposes of this motion that the evidence the defendant seeks to suppress is the

4

improperly obtained because the police lacked a warrant on both occasions. In addition, the defendant argues that the July 27 search of his house exceeded the scope necessary for a protective sweep, the purported justification for entering the residence.

Consent to a search or seizure obviates the need for a warrant or probable cause. See Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); United States v. Donlin, 982 F.2d 31, 33 (1st Cir. 1992). Consent may be given either by the owner of the property being searched or by a third party who possesses common authority over the premises or appears to possess such authority. See Illinois v. Rodriquez, 497 U.S. 177, 186 (1990); United States v. Matlock, 415 U.S. 164, 171 (1974). Law enforcement officers who arrest a defendant outside of his residence are permitted to enter to perform a search if there is:

> (1) probable cause to believe that contraband or evidence would be found inside, and (2) exigent circumstances justifying an exception to the warrant requirement, allowing [the officers] to enter without first obtaining a warrant.

United States v. Wilson, 36 F.3d 205, 208 (1st Cir. 1994). Exigent circumstances exist when the safety of law enforcement officers or the public is threatened by delay. See United States v. Veillette, 778 F.2d 899, 902 (1st Cir. 1985).

---

gun, which appears to be the only physical evidence obtained in either search.

5

On October 1, the police did not conduct a search of the defendant's residence.  The defendant asked Mara to take possession of the gun.  Alba brought the gun to Mara.  The court concludes that the defendant consented to the seizure of the gun.  The defendant has not offered any other basis on which to suppress evidence obtained on October 1.  Therefore, the defendant's first motion to suppress is denied.

On July 27, police officers entered the Barrett Street residence without a warrant to perform a protective sweep.  The court concludes, based on the uncontested facts related in the background section, that the officers had probable cause to believe that a gun would be found inside the defendant's home and that exigent circumstances -- the safety of the officers and the public -- justified entry into the residence to perform a protective sweep.  Alba volunteered the location of the gun during the sweep.  The court concludes that Alba, a resident with actual or apparent authority to give consent, consented to the retrieval and seizure of the gun.  The defendant has not offered any other basis on which to suppress evidence obtained on July 27.  Therefore, the defendant's second motion to suppress is denied.

## Conclusion

For the reasons stated above, the defendant's motion to strike evidence submitted by the government in opposition to the motions to suppress (document no. 23) as well as the motions to suppress themselves (document nos. 18 & 19) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 12, 1998

cc:  Richard Foley, Esquire
     U.S. Attorney
     U.S. Probation
     U.S. Marshal